# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
# CASE NO. 24-1087

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**) | | |
| Plaintiff-Appellee, ) | Appeal from the United |
| ) | States District Court for the |
| v.  ) | Northern District of Ind. |
| ) | South Bend Division |
| **Jeffrey Sredl** ) | Case No. 3:22-cr-71-DRL |
| Defendant-Appellant. ) | D. Leichty, District Judge |

## MOTION TO WITHDRAW AS ATTORNEY

Counsel for Defendant-Appellant ("Appellant"), Jeffrey Sredl, moves to withdraw his representation and represents the following:

1. On January 11, 2024, the District Court sentenced Appellant to a 51-month custodial prison term. To the undersigned's knowledge, Appellant is currently in Bureau of Prisons Custody as follows:

   > Jeffrey Sredl # 25153-510
   > FCI Sandstone
   > Federal Correctional Institution
   > P.O. Box 1000
   > Sandstone, MN 55072

2. On January 19, 2024, Appellant timely filed a notice of appeal, and on January 22, 2024, this Court docketed Appellant's direct, criminal appeal. Appellant's opening brief is due on June 3, 2024.

1

Oral argument has not been scheduled in this matter. This Court granted Appellant's previous motions to extend the opening brief deadline on February 21, 2024, and on April 6, 2024.

3. The undersigned-counsel acts as the primary appellate attorney for the Northern District of Indiana Federal Community Defenders, Inc. ("NDIFCD"). The undersigned-counsel's final day with the NDIFCD is June 10, 2024, and as a result, the undersigned-counsel will not be present to the conclusion of Appellant's case. Furthermore, trial counsel assigned to the case at the District Court level will be leaving the NDIFCD in mid-August to assume a magistrate judgeship in the Northern District of Indiana.

4. The NDIFCD is currently reviewing, which cases it may as an organization retain, but it anticipates seeking substitution of counsel in several pending direct appeals and assignment of the matter to an attorney outside of the NDIFCD organization in those cases where the client would benefit from an outside attorney representing the criminal defendant to the conclusion of the direct appeal.

5. Considering the undersigned-counsel for Appellant's separation-date, the undersigned-counsel will not be able to devote adequate time to the preparation of Appellant's brief due to wind-down administrative tasks and will be unable to actively represent Appellant through the conclusion of Appellant's pending direct appeal. Furthermore, trial counsel will likely not be able to assume the representation of Appellant through the conclusion of the case given his mid-August departure.

6. As a result, the interests of Appellant would be served best by permitting the undersigned-counsel to withdraw and by appointing new appellate counsel outside of the NDIFCD to represent Appellant through the duration of his pending direct appeal. In addition, the procedural posture does not impede substitution and reassignment as there has been no briefing filed or oral argument scheduled in this matter.

Date: <u>May 21, 2024</u>

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By:   <u>s/ Chad J. Pennington</u>
     Chad J. Pennington
     200 E. Main Street, Suite 905
     Fort Wayne, IN 46802
     Phone: (260) 422-9940
     Fax: (260) 422-9954
     E-mail: Chad_Pennington@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on <u>May 21, 2024</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

<u>s/ Chad J. Pennington</u>